IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN LIVINGSTON CLOWARD,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO AMEND ORDER OF FORFEITURE<br><br><br><br>Case No. 2:10-CR-768 TS |

This matter is before the Court on the Government's Motion for Amended Order of Forfeiture. The Court will construe the Government's Motion as a motion seeking to amend the order of forfeiture pursuant to Fed. R. Crim. P. 32.2(e) and, for the reasons discussed below, the Court will grant the Government's Motion.

I.  BACKGROUND

On August 25, 2010, an Indictment was brought against Defendant charging Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) and (b), and Possession of a Firearm by a

1

Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).[1] As part of the Indictment, the Government sought forfeiture of "all firearms, magazines and associated ammunition" involved in the offense, including the Hi Point 9mm handgun at issue.[2]

In his Statement in Advance of Plea, Defendant agreed to forfeit any interest he may have in the Hi Point 9mm handgun.[3] On January 20, 2011, the Court granted a preliminary order of forfeiture that included the Hi Point 9mm handgun.[4] The preliminary order of forfeiture was made final at the sentencing in this matter on April 29, 2011, and the Court ordered at that time that the "Defendant shall forfeit all his right, title and interest in a Hi-Point 9mm handgun."[5]

## II. DISCUSSION

Criminal forfeiture is governed by the provisions of Fed. R. Crim. P. 32.2. Rule 32.2(a)–(c) provides the process by which notice is provided and a preliminary and final order of forfeiture are entered. Those provisions are not applicable here, where Defendant has long since been sentenced and a final order of forfeiture entered.[6] Rather, the Court finds the provisions of Rule 32.2(e) applicable to the matter at hand. That rule section states: "[o]n the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of

---

[1]*See* Docket No. 13.

[2]*Id*. at 2.

[3]Docket No. 30, at 3–4.

[4]Docket No. 32.

[5]Docket No. 40.

[6]*See United States v. Libretti*, 38 F.3d 523 (10th Cir. 1994) (holding that forfeiture is a part of the criminal sentence and is a final decision).

forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered."[7]

In the instant case, the property subject to forfeiture is the Hi Point 9mm handgun. The same handgun was the subject of the original order of forfeiture, however, the handgun was not properly identified. The Government seeks to properly identify the Hi Point 9mm handgun forfeited in this case by including the serial number for the handgun. The Government seeks this amendment because the United States Marshal Service requires the serial number to dispose of the firearm. Because the Hi Point 9mm handgun, serial number 1419267, is property subject to forfeiture under the Court's prior forfeiture order, the Court will grant the Government's Motion and amend its prior order of forfeiture.

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Government's Motion for Amended Order of Forfeiture (Docket No. 47) is GRANTED. The Court will amend its prior order of forfeiture pursuant to the terms of this Order.

DATED   June 7, 2013

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] Fed. R. Crim. P. 32.2(e)(1).